TAYLOR v. TOWN OF CONSTABLE.

(*Supreme Court, General Term, Third Department.* September 25, 1891.)

1. DAMAGES—PLEADING—ALLEGING CAUSE OF INJURY.

A complaint, in an action for personal injuries caused by the fall of a bridge, which alleges the accident and the defective condition of the bridge, is not defective because it does not expressly allege that the fall of the bridge and the injury to plaintiff were caused by such defective condition.

**2. BRIDGE—DEFECTS—CONTRIBUTORY NEGLIGENCE.**
    In an action to recover for injuries caused by the fall of a defective bridge, it appeared that the highway commissioner had examined the bridge a few weeks before, with plaintiff's aid, and had pronounced it safe, that heavily loaded wagons had crossed it nearly every day, and that it stood open for public travel. *Held,* that the question of plaintiff's negligence in going on it was for the jury, and a finding in his favor should not be disturbed.

**3. SAME—CONTRIBUTORY NEGLIGENCE.**
    In an action against a town for injuries caused by a fall of a defective bridge, it appeared that plaintiff had been employed by the highway commissioner to assist in repairing the bridge, and about three weeks before the accident did some work thereon, and another day was set four days later to complete the work, at which time the commissioner was to have some props ready, and directed plaintiff, in case of his absence, to complete the work; that a storm prevented the work on the day set; and that no props were furnished, and nothing was done up to the time of the accident. *Held,* that plaintiff was not negligent in not going on with the work.

**4. CONSTITUTIONAL LAW—DUE PROCESS OF LAW.**
    Laws N. Y. 1881, c. 700, making towns liable for the negligence of highway commissioners, on whom the duty is imposed of taking care of the highways, and over whom the towns have no control, is not unconstitutional, as a taking of property without due process of law.

Appeal from circuit court, Franklin county.

Action by Herbert M. Taylor against the town of Constable for injuries sustained by the fall of a defective bridge in defendant town while plaintiff was driving on it. Plaintiff was nonsuited, and on his appeal the judgment was reversed, and a new trial granted. 10 N. Y. Supp. 607. On the second trial he obtained a verdict, and from the judgment entered thereon defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Badger & Badger,* (*John P. Badger,* of counsel,) for appellant. *Kellas & Munsill,* (*John P. Kellas,* of counsel,) for respondent.

LEARNED, P. J. This case has already been before this court, and we are therefore somewhat familiar with the facts. On the first trial the learned justice nonsuited the plaintiff, substantially on the ground that, as the plaintiff was overseer of the highway, and had had some arrangements, as detailed in the evidence, with the commissioner of highways as to the repair of the bridge, he could not recover for his injury, although the bridge was proved unquestionably to be out of repair. We were of opinion that that was erroneous, and that the case should have gone to the jury. 10 N. Y. Supp. 607. On the second trial the jury found a verdict for the plaintiff, and the defendant now appeals.

The defendant urges that the complaint is defective, because, while it alleges the accident and the defective condition of the bridge, it does not expressly allege that the fall of the bridge and the injury to plaintiff were caused by such defective condition, or by the negligence of defendant or its officer. The meaning of the complaint is unquestionable, and this slight omission is of no consequence. No one could misunderstand the meaning.

There is no doubt from the evidence that the bridge had been for a considerable time in a very defective condition, and that this was known to the commissioner of highways. In fact, as the answer avers that for a long time prior to the accident the plaintiff knew that the bridge was unsafe, and further speaks affirmatively of the unsafe, unfit, and dangerous condition of the bridge at the time of the accident, there is no need to discuss that part of the case. The real defense is that the plaintiff knew of this, and therefore was himself negligent in going upon the bridge. We think that that was a question for the jury. And the learned justice submitted it to them very fairly. He left it to them to say whether, with the knowledge which the plaintiff had, a reasonably prudent man would have gone over the bridge. That must be the question in such a case. A

bridge which to some persons looks dangerous may, after all, be safe; and, on the other hand, a bridge which looks safe may be dangerous. The commissioner of highways had examined it with plaintiff's aid not long before, and had said it was safe. Heavily loaded trains had crossed it nearly every day, and it stood open for public travel. We cannot say that the jury erred in holding that the plaintiff acted as a prudent man. It is unnecessary to repeat the testimony bearing on this point.

Another matter bearing somewhat on this same point is urged by the defendant. That is the arrangement made by the commissioner with the plaintiff in regard to the repairing of the bridge. The plaintiff and another were engaged by the commissioner as workmen to make the repairs which he had determined to make. He engaged men to help him by the day. He got some timber for the purpose, and they did some work on Friday. He set the following Tuesday to go back and complete the job. But they needed some props to prevent the bridge from sagging. The commissioner said he would try to get them from Mr. Caryan, and that if Taylor and the other men saw Caryan they could get the props. He said that if he did not get there on Tuesday they might go on with the work, and they assented. The commissioner did not go there on Tuesday. It was too stormy to work. He did not go there again until the accident, a week and a half or two weeks.

Now, the plaintiff cannot, on this state of facts, be charged with contributory negligence. He was only a workman hired by the commissioner, and was under no obligation to continue the work, especially on a day when the commissioner did not come because it was too stormy. Certain props were needed to support the bridge in order that they might make the repairs. These the commissioner was to procure. It would seem that without them the men could not work. And the commissioner did not procure these props. This constituted another reason why the plaintiff was not negligent in not going on with the work. Time enough elapsed after that Tuesday within which the commissioner could have repaired the bridge before the accident, so that he remains culpable. And it is not shown that without the props which he was to procure the plaintiff could safely have ventured to replace the rotten part of the bridge with sound timbers. We cannot therefore say, as matter of law, that the plaintiff was negligent.

It is further urged that chapter 700, Laws 1881, which makes towns liable in these cases, is unconstitutional. We think not. It is only an extension to towns, to some partial extent, of a liability constantly enforced against cities. A city elects, or it may be the common council appoint, a superintendent of streets, or other officer charged with the duty of repairing and keeping in order the streets. He neglects his duty, and the city is liable for the consequential damages to travelers. The charter of the city imposes the duty of taking care of the streets on this officer, substantially as the statutes impose a similar duty on commissioners of highways in towns. Yet for his neglect the city is liable. This is only one of the many instances in which the members of a corporate body suffer for the misconduct of one over whom they have practically no control. The inhabitants of a town or the citizens of a city cannot, as a body, repair streets. Some individual must be chosen for that purpose. It might be said that the town or city had nothing further to do with the matter, and that only the officer was liable for the consequences of his neglect. But the policy of our law in this state has been otherwise. The city, and now the town, are made liable as for the acts of an agent. Probably it was thought that, if the city or town would elect proper officers, the work would be attended to. At any rate, the general principle has long been settled, and we see no reason why an application of that principle to towns should be unconstitutional. Judgment and order affirmed, with costs. All concur.